**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JAMAL FRANKLIN,**

    **Plaintiff,**

vs.                                         Case No. 4:18cv117-RH/CAS

**JAMES BEVILLE, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro so, was granted leave to proceed in forma pauperis, ECF No. 9, and he was required to file an amended complaint. ECF No. 10. Plaintiff was given until May 21, 2018, to comply. ECF No. 10. However, the Orders were returned to the Court as undeliverable, ECF No. 11. Plaintiff filed a notice of change of address, ECF No. 12, and another Order was entered granting Plaintiff an extension of time to file an amended complaint, directing the Clerk to provide Plaintiff with a copy of the Orders he did not receive, and requiring Plaintiff to immediately file a notice with the Clerk should his address change again. ECF No. 14.

Plaintiff's deadline to comply with that Order was June 22, 2018. ECF No. 14. The Order also specifically advised Plaintiff that if he failed to comply with the Order, it would "result in a recommendation of dismissal of this action." *Id.*

Plaintiff has not complied with that Order, and there is no indication that Plaintiff did not receive that Order. Plaintiff has filed a notice of address change, ECF No. 15, and a motion to change venue, ECF No. 16, on August 2, 2018. That suggests his intention to proceed with this case, but Plaintiff has not complied with the Order to file an amended complaint. Accordingly, Plaintiff has been warned of the consequences of his failure to comply. Despite that warning, he has not filed an amended complaint. Moreover, his original complaint, ECF No. 1, is insufficient to proceed as explained previously, ECF No. 10, and this Court cannot interfere with pending state court proceedings. *See* Younger v. Harris, 401 U.S. 37 (1971).

Furthermore, the law is clear that prosecutors are absolutely immune from suit under the civil rights statutes for their actions which are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 994-995, 47 L.Ed.2d 128

(1976); <u>Jones v. Cannon</u>, 174 F.3d 1271 (11th Cir. 1999).  Such actions include "initiating a prosecution and in presenting the State's case."  <u>Imbler</u>, 424 U.S. at 431, 96 S. Ct. at 995.  Thus, Plaintiff's request for monetary damages for comments made by the state attorney during Plaintiff's arraignment is barred because the prosecutor is immune from suit under § 1983.

Because Plaintiff has not filed the amended complaint as required, and because his initial complaint is insufficient, this case should be dismissed.  Furthermore, Plaintiff's recent motion for a change of venue, ECF No. 16, should be denied.  Venue is based on the location of the Defendant or the location in which the events transpired. 28 U.S.C. § 1391(b).  Plaintiff's relocation to New York is not a basis to transfer venue.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted, and this case be **DISMISSED** for failure to comply with a Court Order and file an amended complaint.  It is further **RECOMMENDED** that Plaintiff's motion for a change of venue, ECF No. 16, be **DENIED**.

Case No. 4:18cv117-RH/CAS

**IN CHAMBERS** at Tallahassee, Florida, on August 3, 2018.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.